UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Western Division

| | |
|---|---|
| SUSTAINABLE SOURCING, LLC, )<br>)<br>      Plaintiff, )<br>  v. )<br>)<br>BRANDSTORM, INC., )<br>BRANDSTORM HBC, INC., )<br>and )<br>THIERRY OLLIVIER, )<br>)<br>)<br>      Defendants. )<br>_____) | Docket No. 12-CV-30093<br><br>(Motion to amend complaint granted<br>11/12/13 – Docket Number 67) |

**AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff, Sustainable Sourcing, LLC ("Sustainable" or "Plaintiff"), by its attorneys, Cohen Kinne Valicenti and Cook LLP, alleges as follows:

**PRELIMINARY STATEMENT**

1.  This is an action to resolve various intellectual property issues between two competing companies. Plaintiff seeks damages and injunctive relief based upon Defendants' blatant copyright infringement and fraudulent marketing activities, and also seeks declaratory judgments in connection with Defendants' baseless claims of trademark infringement and false advertising. As set forth in more detail herein, Defendants copied Plaintiff's advertisement photograph and surreptitiously modified it and began using it in their own advertising materials to market a competing product. Defendants have derived profit by deceiving unsuspecting consumers at the expense of both the consumers and Sustainable in violation of federal copyright law. Defendants have also made a false representation in connection with its competing product. Plaintiff further seeks a judgment establishing that that its HimalaSalt™ brand and product

packaging does not infringe any of Defendants' purported trademark rights and that Plaintiff's tagline "The Purest Salt On Earth™" does not constitute false advertising.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1337 and 1338 because this case arises under the Federal Copyright Act, 17 U.S.C. §§ 101, et seq. and the Lanham Act, 15 U.S.C. § 1051, et seq.

3.  This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.  This Court has personal jurisdiction over each of the Defendants because they:

> (a) transact business in this Commonwealth;
>
> (b) contracted to supply services or things in this Commonwealth;
>
> (c) caused tortious injury by an act or omission in this Commonwealth; and/or
>
> (d ) regularly do or solicit business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered, in this Commonwealth and have caused tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

5.  Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

## PARTIES

6.  Sustainable is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business located at 15 Castle Hill Avenue, Suite 1, Great Barrington, MA 01230.  Sustainable sells organic food products, namely, its well-known HimalaSalt™ brand products.

7. Upon information and belief, Defendant Brandstorm, Inc. ("Brandstorm") is a corporation organized under the laws of the State of California, with a principal place of business at 10853 Venice Boulevard, Suite 2, Los Angeles, California.

8. Upon information and belief, Defendant Brandstorm HBC, Inc. ("Brandstorm HBC") is a corporation organized under the laws of the State of California, with a principal place of business at 10853 Venice Boulevard, Suite 2, Los Angeles, California.

9. Upon information and belief, Defendant Thierry Ollivier ("Ollivier") is an individual residing in California. Defendant Ollivier is the founder, President, Chief Executive Officer and registered agent of Defendants Brandstorm and Brandstorm HBC.

10. Upon information and belief, Ollivier personally directed and was a primary actor in the activities that are the subject of this action.

11. Upon information and belief, Defendants Brandstorm, Brandstorm HBC and Ollivier (collectively "Defendants") acted in concert at all relevant times in connection with the activities that are the subject of this action.

12. Defendants market and sell Himalayan pink salt under the brand "Himalania".

13. Himalania competes directly with Sustainable's HimalaSalt™ brand.

## FACTUAL BACKGROUND

**Sustainable's Business**

14. Sustainable manufactures and sells a branded Himalayan pink salt product called HimalaSalt™ as well as related products under the HimalaSalt™ brand.

15. Sustainable engages in significant advertising of its products. It has expended great time and effort in the development, promotion and marketing of its products under the HimalaSalt™ brand.

16. Sustainable's HimalaSalt™ brand products are sold throughout the United States

in major retail stores and on the Internet.

17.     Sustainable is a recognized leader in quality, ethically sourced, sustainable products.  Its HimalaSalt™ brand has been featured on the Martha Stewart and Today shows.

18.     Through Sustainable's extensive efforts, as well as the products' quality and overwhelming customer satisfaction, the HimalaSalt™ brand has become highly successful and well known.

19.     In connection with the marketing of the HimalaSalt™ brand products, Sustainable has promotional websites, http://himalasalt.com/ and http://www.sustainablesourcing.com/ ("Websites") where consumers may purchase its products directly.

20.     The Websites feature original photographs used in Sustainable's advertisements.

21.     Sustainable is the owner of all right, title and interest in advertisements and contents on the Websites, including all copyrights.

22.     Among others, Sustainable is the copyright owner of the following advertisement photograph (the "Copyrighted Work"):



23.     Since as early as 2007, the Copyrighted Work has been continuously featured on Sustainable's Websites and elsewhere in connection with Sustainable's marketing efforts for its HimalaSalt™ brand products.

24. The Copyrighted Work is the subject of a Certificate of Copyright Registration issued by the Register of Copyrights effective May 1, 2012, bearing registration number VA 0001812255. A copy of the Certificate of Registration is shown in Exhibit A, attached to this complaint.

25. The Copyrighted Work is a photograph that was taken in the dining room of Sustainable's founder and president, Melissa Kushi, in 2007.

**Defendants' Competing Business**

26. Defendants sell Himalayan pink salt under the brand "Himalania", which directly competes with Sustainable's HimalaSalt™ brand.

27. Upon information and belief, Defendants Brandstorm and Brandstorm HBC operate under the primary and personal direction and control of Defendant Ollivier.

28. Both Brandstorm and Brandstorm HBC maintain a common business address in Los Angeles, California.

29. Upon information and belief, both Brandstorm and Brandstorm HBC transact business substantially through the Internet and in retail stores throughout the United States, including in Massachusetts.

30. Upon information and belief, all Defendants, acting in concert, operate various websites to market products online that are in direct competition with Sustainable's products.

31. Upon information and belief, Defendants are the owners of the Internet domain name "brandstorminc.com."

32. Defendants use the interactive website "brandstorminc.com", and Defendants' related websites, to solicit business in Massachusetts and to effect commercial transactions with customers, including customers in Massachusetts.

33. Upon information and belief, the activities conducted at "brandstorminc.com," and Defendants' related websites, were conducted for the benefit of and with the knowledge and

consent of the individual Defendant Ollivier.

34. Ollivier exercised control over Brandstorm and Brandstorm HBC in the matters that give rise to this Complaint.

**Defendants' Copyright Infringement**

35. In or about May 2012, Sustainable discovered that the Defendants had copied the Copyrighted Work and modified it, creating an image for use in their own commercial product catalog (the "Infringing Work").

36. The following image is the Infringing Work:



37. Upon information and belief, Defendants copied the Copyrighted Work from one of Sustainable's Websites in order to create the Infringing Work.

38. Upon information and belief, Defendants created the Infringing Work to use for their own commercial purposes.

39. Defendants have used and continue to use the Infringing Work to unfairly compete with Sustainable's HimalaSalt™ brand, including but not limited to using it in their competing marketing materials on the Internet and elsewhere.

40. Defendants have used and continue to use the Infringing Work to market highly

similar products as those offered by Sustainable in the exact same channel of trade.

41. Defendants were never authorized to use the Copyrighted Work.

42. Defendants were never authorized to use the Infringing Work.

43. Upon information and belief, the Defendants' intent was to use the Infringing Work to divert Sustainable's customers to Defendants' competing business or to otherwise confuse consumers into believing Defendants' products were the same as Sustainable's HimalaSalt™ brand, or sponsored by Sustainable.

44. Sustainable lost customers as a result of the Defendants' wide dissemination of the Infringing Work.

45. As set forth as follows, Plaintiff's Copyrighted Work juxtaposed with Defendants' Infringing Work, demonstrates that Defendants copied Plaintiff's Copyrighted Work:

**The Copyrighted Work:**



**The Infringing Work:**



46.     Defendants' scheme is designed to ride the coat tails of a successful brand by illegally using Sustainable's proprietary content and using false and deceptive tactics, and reaping revenue from sales of competing products.

**Defendants' False Advertising**

47.     Upon information and belief, Defendants maintain a Facebook page, which is used to promote its competing Himalania brand salt.

48.     Defendants' Facebook page makes the following representation regarding the

origin of Defendants' Himalania brand salt:



49. Upon information and belief, Defendants' representation that its Himalania brand salt comes from Tibet is literally false.

**Defendants' Asserted Trademark Rights**

50. Defendants have a trademark registered in the United States Patent and Trademark Office for the word mark, Himalania, Serial No. 77042705 (the "'705 Mark").

51. The '705 Mark claims to cover fruit and related products in International Class 29 and 31, and fruit juices and related products in International Class 32.

52. The '705 Mark does not cover salt and related products.

53. Defendants have a trademark registered in the United States Patent and Trademark Office for the following "design plus words" mark, Serial No. 78374740 (the "'740 Mark"):



52677

54. '740 Mark disclaims the words "Pink Salt From the Himalayas" apart from the mark as shown.

55. Defendants have no trademark registration for a standard character (block letter) trademark for the word "Himalania" used on connection with salt and related products.

56. The word "Himala" literally means "Himalayan mountain" in Sanskrit and other languages.

57. There are numerous third party trademarks containing the term HIMALA used and federally registered in the United States in connection with the same or similar goods.

58. On or about October 4, 2006, Defendants asserted that Plaintiff's HimalaSalt™ brand infringes their trademark rights.

59. In or about 2006, Plaintiff responded to Defendants, setting forth in detail why its HimalaSalt™ brand was not infringing.

60. Since asserting such claims, Defendants failed to pursue them.

61. Plaintiff has not changed the usage of its HimalaSalt™ brand since 2006.

**Defendants' Asserted Trade Dress**

62. Defendants have recently asserted to Plaintiff that they have alleged trade dress rights comprised of: (1) a block-print serif font; (2) the colors pink/coral and gray; (3) a jagged peak logo; and (4) a mountain motif in the background (the "Asserted Trade Dress").

63. Defendants have recently asserted to Plaintiff that Plaintiff's product packaging violates Defendants' rights in its Asserted Trade Dress.

64. Plaintiff has not substantially changed the usage of its product packaging since 2006.

65. Upon information and belief, Defendants have been aware that Plaintiff has not

substantially changed the usage of its product packaging since 2006.

**Defendants' Assertions of False Advertising**

66. Plaintiff has used the tagline "The Purest Salt On Earth™" (the "Tagline") continuously on its product packaging and promotional materials since 2006 in connection with its HimalaSalt™ brand products.

67. Upon information and belief, Defendants have been aware that Plaintiff has been using the Tagline continuously on its product packaging and promotional materials since 2006 in connection with its HimalaSalt™ brand products.

68. Defendants have recently asserted to Plaintiff that Plaintiff's marketing advertisement is false.

**COUNT I**
**(Copyright Infringement - Violation of 17 U.S.C. § 501)**

69. Sustainable repeats and incorporates the foregoing allegations as if fully set forth herein.

70. Sustainable is the owner of the exclusive copyright in Sustainable's Copyrighted Work.

71. The Register of Copyrights issued Sustainable a Certificate of Registration for the Copyrighted Work on May 1, 2012, bearing registration number VA 0001812255, as shown in Exhibit A.

72. Defendants copied and modified Sustainable's Copyrighted Work and created the Infringing Work without authorization.

73. Defendants displayed the Infringing Work without authorization for their own commercial purpose.

74. Defendants' use of Sustainable's Copyrighted Work has infringed and continues

to infringe upon Sustainable's copyright in the Copyrighted Work.

75. Defendants' infringement of Sustainable's Copyrighted Work was willful and caused harm to Sustainable.

76. As a direct and proximate result of Defendants' acts of infringement, Sustainable has suffered actual and irreparable injury for which no adequate remedy exists at law.

## COUNT II
### (False Advertising Under §43(a) of the Lanham Act)

77. Sustainable repeats and incorporates the foregoing allegations as if fully set forth herein.

78. Upon information and belief, Defendants have made false and misleading statements in commercial advertisements, including those set forth above, to Sustainable's current and prospective customers regarding its Himalania brand salt and its origin.

79. Defendants' false and misleading statements actually deceive and have the tendency to deceive a substantial segment of the intended audience.

80. The deception created from Defendants' false and misleading statements is material, in that it is likely to influence the prescribing and purchasing decisions of Sustainable's current and prospective customers.

81. Defendants have caused their false and misleading statements to enter interstate commerce.

82. As a direct and proximate result of Defendants' conduct, Sustainable has suffered and will continue to suffer irreparable injury, including without limitation, direct diversion of sales from Sustainable to Defendants.

83. As a direct and proximate result of Defendants' conduct, Sustainable has incurred and will likely continue to incur actual damages, entitling Sustainable to injunctive relief, corrective advertising, treble damages, the profits derived from the unlawful acts of Defendants, and the amount increased pursuant to the principles of equity in accordance with the provisions of 15 U.S.C. §§ 1116 and 1117.

### Count III

### (Declaratory Judgment - Trademark Infringement)

84. Sustainable repeats and incorporates the foregoing allegations as if fully set forth herein.

85. There is a justiciable dispute between the parties as to whether Plaintiff's use of HimalaSalt™ brand infringes Defendants' purported trademark rights.

86. Defendants have highly limited rights, if any, in connection with their asserted trademark rights, including but not limited to any rights Defendants may have in their '705 Mark and '740 Mark.

87. There is no likelihood of confusion created as a result of Plaintiff's use of HimalaSalt™ brand and Defendants' asserted trademark rights, including but not limited to any rights Defendants may have in their '705 Mark and '740 Mark.

88. Plaintiff has not violated and will not violate Defendants' trademark rights.

89. Plaintiff has not committed unfair competition with respect its use of its HimalaSalt™ brand.

90. The Doctrine of Laches serves as a bar to any claims asserted by Defendants against Plaintiff.

91. As Defendants have insisted on asserting its alleged rights against Plaintiff, and

has threatened litigation to enforce those alleged rights, an actual controversy exists between Defendants and Plaintiff, and a judicial declaration of the rights of each party is appropriate at this time and under these circumstances.

## COUNT IV

### (Declaratory Judgment - Trade Dress Infringement)

92. Sustainable repeats and incorporates the foregoing allegations as if fully set forth herein.

93. Defendants have highly limited trademark rights, if any, in connection with their Asserted Trade Dress.

94. Even if Defendants had rights in their Asserted Trade Dress, Plaintiff's product packaging is not likely to cause confusion with Defendants' Asserted Trade Dress.

95. The Doctrine of Laches serves as a bar to any claims asserted by Defendants against Plaintiff.

96. As Defendants have insisted on asserting their alleged rights against Plaintiff, an actual controversy exists between Defendants and Plaintiff, and a judicial declaration of the rights of each party is appropriate at this time and under these circumstances.

## COUNT V

### (Declaratory Judgment - False Advertising)

97. Sustainable repeats and incorporates the foregoing allegations as if fully set forth herein.

98. Plaintiff's use of the Tagline does not constitute a violation of the Lanham Act.

99. The Doctrine of Laches serves as a bar to any claims asserted by Defendants against Plaintiff.

100. As Defendants have insisted on asserting its alleged rights against Plaintiff, an actual controversy exists between Defendants and Plaintiff, and a judicial declaration of the rights of each party is appropriate at this time and under these circumstances.

**WHEREFORE**, Sustainable demands judgment as follows:

(1) judgment entered on all counts of the Complaint against each of the Defendants, jointly and severally;

(2) an award of all damages as allowed by law, including actual damages pursuant to 17 U.S.C. § 504 against Defendants, jointly and severally, in an amount to be proven at trial, plus interest; an award of statutory damages under 17 U.S.C. § 504 of up to $150,000 per occurrence; an award of attorney's fees and costs related to this matter under 17 U.S.C. § 505; and injunctive relief pursuant to 17 U.S.C. § 502 to prevent Defendants from continuing to infringe upon Sustainable's copyrighted materials;

(3) that damages be trebled and Sustainable be awarded its costs and attorneys fees under applicable law, including 15 U.S.C. §1127;

(4) that punitive damages be awarded for Defendants' acts of unfair competition;

(5) that each of the Defendants, as well as their officers, agents, servants, employees, directors, representatives and related companies, and all persons acting in concert with them, be temporarily and permanently enjoined from:

  a. selling any product that infringes in any manner with Sustainable's copyrights;

  b. making statements that are false or misleading in connection with Defendants' Himalania brand salt;

    c. unlawfully interfering with Sustainable's advantageous relations with its customers and prospective customers;

    d. that Defendants be ordered to deliver up to the Court for destruction any and all tangible matter within their possession, custody or control infringing Sustainable's copyrights;

(6) that Defendants engage in a corrective advertising campaign to correct the public misperception of Defendants' Himalania brand salt;

(7) a declaratory judgment that:

    a. Plaintiff has not violated and will not violate Defendants' trademark rights in connection with Plaintiff's use of HimalaSalt™ brand;

    b. Plaintiff has not violated, and will not violate Defendants' Asserted Trade Dress; and

    c. Plaintiff's use of its Tagline does not violate Defendants' rights;

(8) an award Sustainable's costs and expenses in this litigation; and

(9) for such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Dated:  November 14, 2013

                Respectfully submitted,
                SUSTAINABLE SOURCING, LLC,

                By Its Attorneys,

                */s/ Christopher Hennessey*
                Christopher M. Hennessey, Esq. (BBO# 654680)
                David Valicenti, Esq. (BBO# 632980)
                COHEN KINNE VALICENTI & COOK, LLP
                28 North Street, 3rd Floor
                Pittsfield, MA  01201
                Telephone (413) 443-9399
                Facsimile (413) 442-9399

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 14, 2013

                */s/ Christopher Hennessey*
                Christopher Hennessey