**UNITED STATED DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**Western Division**

| | |
|---|---|
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |
| SUSTAINABLE SOURCING, LLC, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 3:12-cv-30093 |
| ) | |
| v. ) | |
| ) | |
| BRANDSTORM, INC., ) | |
| BRANDSTORM HBC, INC., ) | |
| and ) | |
| THIERRY OLLIVIER, ) | |
| ) | |
| Defendant. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | |

DEFENDANTS' AMENDED ANSWER, COUNTERCLAIM AND JURY DEMAND

Defendants Brandstorm, Inc., Brandstorm HBC, Inc. and Thierry Ollivier answer the

separately numbered allegations of the amended complaint as follows:

PRELIMINARY STATEMENT

1.  Denied.

JURISDICTION AND VENUE

2.  Admitted.

3.  Denied.

4.  Denied

5.  Denied.

PARTIES

6.  Admitted, except defendants deny that any of plaintiff's products are well-known.

1

7. Denied.

8. Denied.

9. Admitted.

10. Denied.

11. Denied.

12. Defendants admit that defendant Brandstorm, Inc. markets and sells Himalayan pink salt under its brand and trademark HIMALANIA.

13. Admitted.

## FACTUAL BACKGROUND

14. Defendants lack the information necessary to admit or deny the allegations of paragraph 14 of the amended complaint, and call upon the plaintiff to prove the same if material.

15. Defendants lack the information necessary to admit or deny the allegations of paragraph 15 of the amended complaint, and call upon the plaintiff to prove the same if material.

16. Defendants lack the information necessary to admit or deny the allegations of paragraph 16 of the amended complaint, and call upon the plaintiff to prove the same if material.

17. Defendants deny the allegations contained in the first sentence of paragraph 17 of the amended complaint.  Defendants lack the information necessary to admit or deny the allegations of the second sentence of paragraph 17 of the amended complaint, and call upon the plaintiff to prove the same if material.

18. Denied.

19. Defendants lack the information necessary to admit or deny the allegations of paragraph 19 of the amended complaint, and call upon the plaintiff to prove the same if material.

2

20. Defendants lack the information necessary to admit or deny the allegations of paragraph 20 of the amended complaint, and call upon the plaintiff to prove the same if material.

21. Denied.

22. Denied.

23. Defendants lack the information necessary to admit or deny the allegations of paragraph 23 of the amended complaint, and call upon the plaintiff to prove the same if material.

24. Defendants state that the copy of the copyright registration attached to the amended complaint as Exhibit A speaks for itself.

25. Defendants lack the information necessary to admit or deny the allegations of paragraph 25 of the amended complaint, and call upon the plaintiff to prove the same if material.

26. Defendants admit that defendant Brandstorm, Inc. markets and sells Himalayan pink salt under its brand and trademark HIMALANIA.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied, although defendants admit that defendant Thierry Ollivier is the Registrant for the domain name www.brandstorminc.com.

32. Denied.

33. Denied as incomprehensible.

34. Denied.

35. Defendants lack the information necessary to admit or deny the allegations of

3

paragraph 35 of the amended complaint, and call upon the plaintiff to prove the same if material.

36. Defendants state that the image shown in paragraph 36 of the amended complaint speaks for itself, but deny the characterization of the image as "the Infringing Work."

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Defendants deny the characterization of the image shown in the amended complaint as "the Copyrighted Work." The defendants admit that they were not authorized to use the image shown in the amended complaint, but deny that any such authorization was required.

42. Defendants deny the characterization of the image shown in the amended complaint as "the Infringing Work." The defendants admit that they were not authorized to use the image shown in the amended complaint, but deny that any such authorization was required.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Defendants admit that Brandstorm, Inc. maintains a Facebook page, which is used to promote its HIMALANIA brand products.

48. Denied.

49. Defendants currently do not make the representation that the HIMALANIA brand salt comes from Tibet.

50. Defendants admit that defendant Brandstorm, Inc. is the owner of all rights in the U.S. Trademark Registration for HIMALANIA (U.S. Reg. No. 3,397,061).

51. Defendants state that the U.S. Trademark Registration for HIMALANIA (U.S. Reg. No. 3,397,061) speaks for itself.

52. Defendants state that the U.S. Trademark Registration for HIMALANIA (U.S. Reg. No. 3,397,061) speaks for itself.

53. Defendants admit that defendant Brandstorm, Inc. is the owner of all rights in the U.S. Trademark Registration for HIMALANIA PINK SALT FROM THE HIMALAYS & Design (U.S. Reg. No. 3,174,837).

54. Defendants state that the U.S. Trademark Registration for HIMALANIA PINK SALT FROM THE HIMALAYS & Design (U.S. Reg. No. 3,174,837) speaks for itself.

55. Defendants admit that they do not own a U.S. Trademark Registration for the standard character term "Himalania" for salt, but do not understand what the plaintiff means by "related products."

56. Defendants lack the information necessary to admit or deny the allegations of paragraph 56 of the amended complaint, and call upon the plaintiff to prove the same if material.

57. Defendants lack the information necessary to admit or deny the allegations of paragraph 57 of the amended complaint, and call upon the plaintiff to prove the same if material.

58. Defendants admit that in October of 2006, Brandstorm, Inc. sent to plaintiff a notice asserting that plaintiff's use of the term "HimalaSalt" infringed Brandstorm Inc.'s trademark rights.

59. Defendants admit that sometime in 2006 Brandstorm, Inc. received a response letter

5

from plaintiff.  That response letter speaks for itself.

60. Denied.

61. Defendants lack the information necessary to admit or deny the allegations of paragraph 61 of the amended complaint, and call upon the plaintiff to prove the same if material.

62. Defendant Brandstorm, Inc. has asserted its rights in the trade dress referenced in paragraph 62 of the amended complaint.

63. Defendant Brandstorm, Inc. has asserted that plaintiff's product packaging infringes Brandstorm, Inc.'s trade dress rights.

64. Defendants lack the information necessary to admit or deny the allegations of paragraph 64 of the amended complaint, and call upon the plaintiff to prove the same if material.

65. Denied.

66. Defendants lack the information necessary to admit or deny the allegations of paragraph 66 of the amended complaint, and call upon the plaintiff to prove the same if material.

67. Denied.

68. Admitted, except defendants deny that they have "recently" asserted that plaintiff's advertisement claim that its salt is "the purest salt on earth" is literally false.

COUNT I<br>(COPYRIGHT INFRINGEMENT)

69. Defendants repeat and reallege their responses to paragraphs 1 through 68 of the amended complaint.

70. Denied.

71. The referenced certificate of copyright registration speaks for itself.

72. Denied.

6

73. Denied.

74. Denied.

75. Denied.

76. Denied.

## COUNT II
## (FALSE ADVERTISING UNDER THE LANHAM ACT)

77. Defendants repeat and reallege their responses to paragraphs 1 through 76 of the amended complaint.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## COUNT III
## (DECLARATORY JUDGMENT – TRADEMARK INFRINGEMENT)

84. Defendants repeat and reallege their responses to paragraphs 1 through 83 of the amended complaint.

85. Admitted.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Admitted.

## COUNT IV
## (DECLARATORY JUDGMENT – TRADE DRESS INFRINGEMENT)

92. Defendants repeat and reallege their responses to paragraphs 1 through 91 of the amended complaint.

93. Denied.

94. Denied.

95. Denied.

96. Admitted.

## COUNT V
## (DECLARATORY JUDGMENT – FALSE ADVERTISING)

97. Defendants repeat and reallege their responses to paragraphs 1 through 96 of the amended complaint.

98. Denied.

99. Denied.

100. Admitted.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The amended complaint fails to state any claim upon which relief can be granted against the defendants.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to plaintiff's own bad faith conduct.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to plaintiff's own inequitable conduct.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to plaintiff's own unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to plaintiff's violations of the Lanham Act.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to laches, waiver and/or estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for equitable relief fail because none of the defendants are making use of either the alleged copyrighted work or the advertising statement at issue, and have no intent to do so in the future.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damage and is not entitled to any monetary relief.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover statutory damages or attorney's fees and costs under the copyright act because it failed to timely register the work at issue as required by law.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff cannot succeed on its copyright claim because at no relevant time did it own the copyright in the image at issue.

COUNTERCLAIMS

By way of counterclaim against the plaintiff, defendants state as follows:

1.   The plaintiff and Brandstorm, Inc. ("Brandstorm") are direct competitors in the manufacture and sale of pink salt and other products.

2.   Brandstorm owns U.S. Registration No. 3,174,837 for HIMALANIA PINK SALT FROM THE HIMALAYAS & Design and U.S. Registration No. 3,397,061 for HIMALANIA. Brandstorm has continuously used the HIMALANIA PINK SALT FROM THE HIMALAYAS trademark in interstate commerce since at least 2004, and has continuously used the HIMALANIA trademark in interstate commerce since at least 2005.  Examples of Brandstorm's use of those trademarks are shown below:



 

3.   Sustainable Sourcing, LLC ("Sustainable") was founded in 2006 when it introduced its HIMALASALT brand of pink salt. Sustainable has not sought a U.S. Trademark Registration for HIMALASALT.  Examples of Sustainable's use of HIMALASALT are shown below:



4.   Brandstorm adopted and gained rights in its trademarks prior to Sustainable's adoption of its HIMALASALT designation.

5.   A comparison of the respective marks shows that they are almost indistinguishable:

# Himalania        HimalaSalt

11

6.   Thus, Sustainable's use of HIMALASALT in connection with its sale of an identical product that competes with Brandstorm's pink salt is likely to cause confusion among prospective purchasers.

7.   In addition, for many years Brandstorm has utilized in connection with its sale of pink salt unique trade dress, which consists of lettering in a block-print serif font, a pink/coral and gray color scheme, a jagged peak logo, and a mountain motif.  Examples of Brandstorm's trade dress are shown below:





# BrandStorm Inc.

| HOME | ABOUT | BRANDS | WHERE TO BUY | CONTACT |



Himalania Pink Salt comes from the mountains of Himalaya, at 10,000 feet high. It is a fossil marine salt which was formed more than 200 million years ago during the secondary area.



The Himalayan Mountains

Since the beginning of time, salt has been the principal source of income for people living in those remote regions. Because food preserved in salt retains its nutritional properties for several months, Himalayan people use it to keep fish and meat all year long. They also use it as a currency in trading. For centuries, once a year in spring time, the Himalayan people have been transporting the salt to the Nepalese valleys for trade. Heavily burdened yacks carry the salt, travelling along narrow sloping paths, often these paths





8.  As a result of its longstanding, continuous and exclusive use of its trade dress,

Brandstorm has developed enforceable rights in that trade dress at common law.

9.   Recently, Sustainable adopted and began utilizing in interstate commerce new packaging and advertising that emulates Brandstorm's trade dress and also consists of lettering in a block-print serif font, a pink/coral and gray color scheme, a jagged peak logo, and a mountain motif.  Examples of Sustainable's trade dress are shown below:



 

10. Instances of actual confusion have been steadily increasing since Sustainable modified its trade dress to include a mountain motif in its advertising in order to emulate Brandstorm's trade dress.

11. On the top page of its website (www.himalasalt.com) and on its packaging for its pink salt product, plaintiff represents in large, capital letters that its salt is "THE PUREST SALT ON EARTH."

12. Sustainable's marketing materials do not disclose, and defendants are unaware of, any testing results certifying that, in fact, Sustainable's salt is "the purest salt on earth" - demonstrably purer than Brandstorm's salt and all other salt in the world.

13. As a result, Sustainable's advertising is literally false.

14. Further, the claim that Sustainable's salt is "the purest salt on earth" has a strong tendency to mislead the public into believing that by purchasing Sustainable's salt it is purchasing salt that is purer than other competing brands, including Brandstorm's salt.

15. As a result, defendants/plaintiffs-in-counterclaim have been damaged by plaintiff's use of the advertising claim "THE PUREST SALT ON EARTH."

15

## COUNT ONE
### (TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT
### 15 U.S.C. § 1114)

16. Defendants repeat and reallege the allegations contained in paragraphs 1 through 15 of the counterclaim.

17. The HIMALANIA and HIMALANIA PINK SALT FROM THE HIMALAYAS & Design trademarks are protected by valid and subsisting United States Trademark Registrations.

18. Brandstorm developed, adopted and began using in interstate commerce its federally-registered marks before the plaintiff adopted and began using its confusingly similar HIMALASALT designation.

19. Brandstorm has not authorized the plaintiff to make the above-described use of the HIMALASALT designation.

20. Upon information and belief, the plaintiff acted knowingly and intentionally in misappropriating Brandstorm's mark, in an effort to trade off the goodwill developed by Brandstorm.

21. Plaintiff's actions constitute infringement of Brandstorm's federally-registered marks by use of a designation that is likely to cause confusion as to source, sponsorship, or affiliation.

22. Brandstorm will suffer irreparable harm unless the plaintiff's unlawful conduct is enjoined.

## COUNT TWO
### (TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT
### 15 U.S.C. § 1114)

23. Defendants repeat and reallege the allegations contained in paragraphs 1 through 22 of the counterclaim.

16

24. The proprietary trade dress utilized by Brandstorm in marketing its pink salt in interstate commerce is protected at common law.

25. Brandstorm developed, adopted and began using in interstate commerce its protected trade dress before the plaintiff adopted and began using its confusingly similar trade dress.

26. Brandstorm has not authorized the plaintiff to make the above-described use of the trade dress.

27. Upon information and belief, the plaintiff acted knowingly and intentionally in misappropriating Brandstorm's trade dress, in an effort to trade off the goodwill developed by Brandstorm.

28. Plaintiff's actions constitute infringement of Brandstorm's protected trade dress by use of trade dress that is likely to cause confusion as to source, sponsorship, or affiliation.

29. Brandstorm will suffer irreparable harm unless the plaintiff's unlawful conduct is enjoined.

COUNT THREE
(UNFAIR COMPETITION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a)
AND COMMON LAW)

30. Defendants repeat and reallege the allegations contained in paragraphs 1 through 29 of the counterclaim.

31. Brandstorm's trademarks and related trade dress are well-known throughout the United States.

32. Plaintiff's use of a confusingly similar designation and trade dress constitutes unfair competition in violation of the Lanham Act and the common law, as well as common law trademark infringement.

17

33. Unless enjoined, these acts will cause irreparable injury and damage to Brandstorm for which there exists no adequate remedy at law.

## COUNT FOUR
### (FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a))

34. Defendants repeat and reallege the allegations contained in paragraphs 1 through 33 of the counterclaim.

35. By its conduct as aforesaid, plaintiff has engaged in false designation of origin and false designation of sponsorship, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

36. Unless enjoined, these acts will cause irreparable injury and damage to Brandstorm for which there exists no adequate remedy at law.

## COUNT FIVE
### (FALSE ADVERTISING UNDER §43(a) OF THE LANHAM ACT)

37. Defendants repeat and reallege the allegations of paragraphs 1 through 36 of the counterclaim.

38. Sustainable's claim in its advertising that its salt is "the purest salt on earth" is literally false.

39. Further, the claim that Sustainable's salt is "the purest salt on earth" has a strong tendency to mislead the public into believing that by purchasing Sustainable's salt it is purchasing salt that is purer than other competing brands, including Brandstorm's salt.

40. Plaintiff's use of the advertising claim "THE PUREST SALT ON EARTH" has and will cause the defendants/plaintiffs-in-counterclaim irreparable harm.


WHEREFORE, the defendants respectfully request that this Court:

1. Dismiss the amended complaint with prejudice;

2. Enter judgment in defendants' favor on Counts One through Five of the counterclaim;

3. Enter an order requiring Plaintiff/Counter-Defendants be disgorged of all sums received through their illegal acts;

4. Award Defendants attorney's fees and costs of litigation;

5. Enter a Preliminary Injunction:

(a) Prohibiting the plaintiff, and anyone in active concert with the plaintiff, from using in interstate commerce the trade name HIMALASALT or any other trade name confusingly similar to Brandstorm's HIMALANIA or HIMALANIA PINK SALT FROM THE HIMALAYAS trademarks;

(b) Prohibiting the plaintiff, and anyone in active concert with the plaintiff, from using in interstate commerce any trade dress confusingly similar to the trade dress utilized by Brandstorm in marketing its HIMALANIA brand pink salt; and

(c) Prohibiting the plaintiff, and anyone in active concert with the plaintiff, from using in interstate commerce the advertising statement "THE PUREST SALT ON EARTH" in connection with its pink salt;

6. Enter a Permanent Injunction:

(a) Prohibiting the plaintiff, and anyone in active concert with the plaintiff, from using in interstate commerce the trade name HIMALASALT or any other trade name confusingly similar to Brandstorm's HIMALANIA or HIMALANIA PINK SALT FROM THE HIMALAYAS trademarks;

(b) Prohibiting the plaintiff, and anyone in active concert with the plaintiff, from

19

using in interstate commerce any trade dress confusingly similar to the trade dress utilized by Brandstorm in marketing its HIMALANIA brand pink salt; and

(c) Prohibiting the plaintiff, and anyone in active concert with the plaintiff, from using in interstate commerce the advertising statement "THE PUREST SALT ON EARTH" in connection with its pink salt;

7. Enter an Order requiring plaintiff to disseminate in interstate commerce corrective advertising stating that its pink salt is, in fact, not the purest salt on earth; and

8. Award defendants such further relief as the Court deems just and appropriate.

<u>JURY DEMAND</u>

The defendants demand a trial by jury on all issues so triable.

Respectfully submitted,
BRANDSTORM, INC., BRANDSTORM
HBC, INC. and THIERRY OLIVIER

/s/ Thomas E. Kenney
 Thomas E. Kenney (BBO #561590)
Pierce & Mandell, P.C.
11 Beacon Street, Suite 800
Boston, MA 02108
617-720-2444
617-720-3693 (fax)
tom@piercemandell.com
www.piercemandell.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 1, 2014.

/s/ Thomas E. Kenney
Thomas E. Kenney