UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSTAINABLE SOURCING, LLC,    )<br>    Plaintiff,    )<br>    )<br>v.    )<br>    )<br>BRANDSTORM, INC. et al.    )<br>    Defendants.    ) | Action No. 12-cv-30093-MAP |

MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION TO COMPEL
(Dkt. No. 140)

ROBERTSON, M.J.

I. INTRODUCTION

Plaintiff Sustainable Sourcing, LLC ("Plaintiff") and the defendants Brandstorm, Inc., Brandstorm HBC, Inc., and Thierry Ollivier ("Defendants") are competitors in the sale of pink salt of Himalayan origin. Before the court is Plaintiff's motion to compel the production of documents by Defendants (Dkt. No. 140) ("Plaintiff's Motion"), referred to this court by presiding District Judge Michael A. Ponsor (Dkt. No. 144). Defendants oppose the motion (Dkt. No. 143). The court having heard from the parties, the matter is ripe for decision. For the following reasons, and as more fully set forth below, the court grants Plaintiff's Motion in part and denies it in the part.

II. BACKGROUND AND DISCUSSION

In Judge Ponsor's May 31, 2016 ruling on the parties' cross-motions for summary judgment, he ordered that judgment enter for Plaintiff on its claims against Defendants for copyright infringement and false advertising (Dkt. No. 133 at 3, 5). Plaintiff's copyright infringement claim is based on Defendants' use of a photograph of a box of Plaintiff's pink salt, surrounded by bowls of berries and salt. Defendants altered the image, substituting a depiction

1

of a box of Defendants' pink salt for the box of Plaintiff's pink salt ("Altered Image"), and used the Altered Image in a catalog distributed in 2012 and on their website for approximately five months in 2012.  Notwithstanding Defendants' blatant use of the Altered Image, Plaintiff is precluded from an award of statutory damages or attorney's fees in connection with the claim for copyright infringement, but may be entitled to recover non-statutory, or actual, damages (*id.* at 3-4).  Judge Ponsor's May 31, 2016 ruling provided that Plaintiff was entitled to further discovery of Defendants' financial information as a basis for its claim for actual damages for copyright infringement and false advertising, and set a schedule for the parties to conduct such discovery (*id.* at 13-14).

Plaintiff's discovery requests are subject to the provisions of Federal Rule of Civil Procedure 26(b)(1), which provides, in pertinent part, that a party may obtain discovery regarding any non-privileged matter that is relevant to the party's claim "and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the discovery outweighs its likely benefit."

Plaintiff has identified two potential theories of recovery for Defendants' copyright infringement.[1]  First, Plaintiff hopes to show that Defendants' sales of pink salt increased while Defendants were using the Altered Image in their advertising.  Plaintiff claims it would be entitled to recover the amount of Defendants' profits on any such sales.  If Plaintiff is unable to prove any such increase in sales, then, as a fallback, Plaintiff seeks to recover the amount of any

---

[1] All of the documents whose production Plaintiff seeks to compel appear to relate to its claim for actual damages for copyright infringement.

fee Defendant would have paid to license or otherwise acquire an image similar to the Altered Image. *See, e.g., Rivera v. Mendez & Compania*, 988 F. Supp. 2d 159, 172 (D.P.R. 2013) (discussing measure of actual damages for copyright infringement when a plaintiff is precluded from seeking statutory damages or attorney's fees).

  As a preface to this ruling on Plaintiff's motion to compel, the following points are significant. First, Plaintiff's expert declarations in support of its motion to compel represent that the requested documents are those generally requested in a typical copyright infringement case. This is not a typical copyright infringement case because Defendants did not infringe by using a misappropriated image on products that they then turned around and sold. They used the Altered Image in their advertising, and did so for a comparatively brief period of time. Indeed, sJudge Ponsor encouraged the parties to focus on settlement because of the "nature of the dispute and the uncertain basis for damages" (Dkt. No. 133 at 13). Even if Plaintiffs can establish an increase in Defendants' sales of pink salt during the relevant time, whether use of the Altered Image caused any such increased sales will remain a difficult question on which Plaintiff will have the burden of proof. *See, e.g., Rivera*, 988 F. Supp. 2d at 172. Second, Plaintiff's document production requests are overly broad. Defendants sell many products. Plaintiff seeks to compel production of financial documents related to Defendants' entire business from 2011 to the present. The copyright infringement claim is based on advertising by Defendants for sales of a single product, that being pink salt, for a comparatively short period of time in 2012. Third, by any measure, Plaintiff's actual damages will almost certainly be modest. Even if Plaintiff is able to show an increase in Defendants' sales of pink salt during the relevant period, any such increase is likely to be modest and the question of causation will remain. If Plaintiff is not able to show an increase in Defendants' sales of pink salt, Plaintiff's actual damages will be limited

"to the value of the infringing use (i.e., a hypothetical licensing fee)[.]" *Id.* Plaintiff already knows what it paid to produce or acquire the misappropriated image before it was altered. In short, the concepts of relevance and proportionality dictate limits on the discovery to which Plaintiff is entitled. *See* Fed. R. Civ. P. 26(b)(1).

For the foregoing reasons, the court grants Plaintiff's Motion insofar as Defendants are ordered to produce copies of the following documents, if any and if not previously produced, within four weeks of the date of this order:

1. Defendants' federal income tax filings from 2011 through 2013;

2. Defendants' annual or interim financial statements issued by external accountants or prepared by internal accountants from 2011 through 2013;

3. Any and all reports detailing sales volume and dollars by product, by customer, and by sales channel for each year and month from 2011 through 2013, limited to sales of pink salt products sold by Brandstorm, Inc. or a related company;

4. Himalania sales volume and dollars by product, customer, and sales channel for the years 2011 through 2013;

5. Invoices and/or licenses received by Brandstorm, Inc. from photographers in 2011-2013, in which photographers have indicated fees and/or costs in relation to the creation, licensing, reproduction, alteration, retouching, printing, distribution, display, publication, transfer, or use of photographs for use by Brandstorm, Inc. in marketing its products;

6. Invoices and/or licenses received by Brandstorm, Inc. from stock photography agencies in 2011 through 2013, in which such agencies have indicated fees and/or costs in relation to the creation, licensing, reproduction, alteration, retouching,

printing, distribution, display, publication, transfer, or use of photographs for use by Brandstorm in offering, marketing, promoting, or selling its products;

7. Brandstorm Inc.'s budget(s) for marketing, publicity, advertising, or promotions for 2012.

8. Financial records itemizing any transaction in 2012 in which Brandstorm, Inc. disbursed funds to vendors or suppliers for the acquisition, creation, use, licensing, printing, or publication or one or more photographs in Brandstorm's marketing efforts or publications, to include vendor name, date of transaction, transaction amount, and description of transaction.

In all other respects, Plaintiff's Motion is denied.

III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel is GRANTED in part and DENIED in part. Supplemental documents will be produced in compliance with this order by no later than February 15, 2017. A separate order shall issue related to the parties' Joint Motion for Extension of Scheduling Order.

It is so ordered.

Dated: January 18, 2017  /s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
U.S. MAGISTRATE JUDGE